IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40356
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

WILLIE LELAND McQUEEN, also known as
Will, and ORLANDO TYRE AUSTIN, also
known as Lance,

                                    Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CR-33-2
- - - - - - - - - -
October 23, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Codefendants-appellants Willie Leland McQueen and Orlando

Tyre Austin appeal their convictions and sentences for collection

of extension of credit by extortionate means, possession of

cocaine base with intent to distribute, and conspiracy to possess

cocaine base with intent to distribute, in violation of 18 U.S.C.

§ 894 and 21 U.S.C. §§ 841(a)(1) and 846.  We have reviewed the

arguments and the record and find no reversible error as to

_____

     * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

McQueen's claim that the evidence was insufficient to support his conspiracy conviction.  See United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113 (1995); United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993). The district court did not clearly err in imposing a Sentencing Guidelines enhancement based on a finding that the appellants had "abducted" one of their victims in committing the collection-of-credit offenses.  See United States v. Dumpson, No. 95-50106, slip op. at 10 (5th Cir. Oct. 19, 1995) (unpublished); U.S.S.G. § 2E2.1(b)(3)(A).  The district court also did not clearly err in finding that Austin was a "leader" in the offense and that McQueen was a "manager."  See United States v. Musquiz, 45 F.3d 927, 932-33 (5th Cir.), cert. denied, 116 S. Ct. 54 (1995); U.S.S.G. § 3B1.1(a), (b).  Austin's contention that the district court violated Fed. R. Crim. P. 32 in adopting factual statements in his presentence report is meritless.  See United States v. Whitlow, 979 F.2d 1008, 1011 (5th Cir. 1992).  McQueen's argument that the district court issued a jury instruction on the collection-of-credit offense that was at variance with, or constructively amended, the superseding indictment is also without merit.  See United States v. Haymes, 610 F.2d 309, 310-11 (5th Cir. 1980).

Austin's pro se motion to relieve his appointed appellate counsel of his duties is DENIED.

AFFIRMED.